LAND, J.
 

 During the year 1927, defendant company, a New Jersey corporation, was engaged in constructing a pipe line from Baton Rouge to New Orleans, and in obtaining rights of way for that purpose.
 

 On January 24, 1927, defendant company obtained from plaintiff, for a cash consideration of $68, rights of way 30 feet in width and 68 rods in length across two tracts of land situated in the parish of St. James.
 

 One of these tracts measures one-half arpent front on the left bank of the Mississippi river by 80 arpents in depth, and the other tract, known as Bellevue plantation, measures
 
 5%
 
 arpents in width by a, depth of 80 arpents.
 

 On May 15, 1929, plaintiff, owner of the tracts in question, instituted the present suit to recover from defendant the sum of $6,800 as additional amount, on the ground that, at the time plaintiff received $68 in cash, or $1 per rod for the right of way, defendant agreed that, should any other property holder in St. James parish receive a higher rate for a right of way, defendant would increase the payment to plaintiff to an amount equal to such larger payment.
 

 Plaintiff then sets out larger compensation paid by defendant company to several other landowners in the parish of St. James for rights of way.
 

 From a judgment rejecting his demands, plaintiff has appealed.
 

 In support of his claim, plaintiff filed in evidence the following letter:
 

 “Baton Rouge, Louisiana, April 8, 1927.
 

 “Mr. J. F. Guglielmo, Paulina, Louisiana.
 

 “Dear Sir: Confirming our conversation of the 6th instant, I agree that if I pay any citizen of St. James Parish more than $1.00 per rod for his or her right of way I will pay a like amount to the following parties, viz: J. F.-Guglielmo (plaintiff), Optime Roussel and Emilien Roussel, provided lands and conditions are of a like character to land and conditions of the above mentioned Rights of Way.
 

 “Yours very truly,
 

 “Ford, Bacon & Davis, Inc.
 

 “By (Sgd.) Charles Saxe.”
 

 
 *396
 
 ■ Defendant, company denies the authority of its agent to have entered into the above agreement, and, ip- the alternative, avers that, if larger sums were paid to other landowners in the parish of St. James for rights of way, such payments were made under conditions of a different character from those existing at the time plaintiff was paid $1 per rod for right of'way.
 

 . Defendant company maintained an office at Baton Bouge, Da. This office was in charge of H. F. Oarr, resident engineer, who had under his control the construction of the pipe line. The acquisition of rights of way came also within his jurisdiction; but H. F. Benson was the head of the rights of way department, and had' some four or five men working under him, including Charles Saxe, who signed the letter or contract upon which plaintiff relies. Mr. Hill, the vice president of defendant company, had an office at Monroe, La.
 

 Neither Carr nor Benson was an officer of defendant company.
 

 Carr testifies most positively that he, Benson, and Saxe had instructions to pay $1 a rod for right of way, and no more, and could not change this amount without express authority from Ford, Bacon & Davis, Inc.
 

 The evidence shows that no such authority was obtained from defendant company prior to the signing by Saxe of the letter of date April 8, 1827.
 

 Carr and Hill knew nothing of this letter, which had been placed by Saxe in the files of the rights of way department at Baton Bouge. When Saxe told his superior, Benson, about the letter, he severely reprimanded him, but gave no notice to the plaintiff that the contract was unauthorized.
 

 The doctrine of tacit ratification of an unauthorized contract, through notice to the principal and failure upon his part to repudiate the contract without delay, has no application to the ca,se at bar.
 

 When Saxe paid plaintiff ?68 for the right of way of 68 rods in length, his authority as an agent of defendant company was exhausted, and the original contract between the parties, as duly authorized, became executed fully and finally, and could not thereafter be changed in any particular without the express authority and consent of defendant company.
 

 After the authorized consideration for the right of way had been paid to plaintiff by defendant company, and after the original contract had been signed and delivered to it, the filing, by an agent of that company in its department of rights of way at Baton Bouge, of a subsequent and wholly unauthorized contract promising additional compensation, was without'legal effect as notice to, the company of the new contract, and did not place upon it the obligation or duty of repudiating the contract as unauthorized. Nor did information as to the letter given by Saxe to Benson, another employee, have such effect.
 

 To hold otherwise, under the facts of this case, would be to permit an agent to ruin his principal financially through the making of. unauthorized contracts, after the original contract had been signed and delivered, and the authorized consideration duly paid.
 

 As the contract upon which plaintiff sues was unauthorized by defendant company, the demands of plaintiff were properly rejected.
 

 We do not find it necessary to pass upon the alternative defense urged by defendant company, i. e., that the landholders in St. James parish, who may have received larger considerations than plaintiff, were settled with under conditions different from those under which plaintiff was paid.
 

 Judgment affirmed.